16-949(L)
*United States v. Burghardt*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand seventeen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
ROSEMARY S. POOLER,
GERARD E. LYNCH,
*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                             Nos. 16-949 (L)
                                                          16-975 (XAP)

KENNETH BURGHARDT,

    *Defendant-Appellant*.

_____

For Defendant-Appellant:                    Melissa A. Tuohey, Randi J. Bianco,
                                            Assistant Federal Public Defenders, *for*
                                            Lisa A. Peebles, Federal Public
                                            Defender, Syracuse, NY.

1

For Appellee:                                      Lisa M. Fletcher,  Paul D. Silver, Steven
                                                   David Clymer, Assistant United States
                                                   Attorneys, *for* Richard S. Hartunian,
                                                   United States Attorney for the Northern
                                                   District of New York, Albany, NY.

_____

Appeal from the United States District Court for the Northern District of New York
(Norman A. Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the matter is **REMANDED** to permit the sentencing judge to consider non-
Guidelines sentences.

Defendant Kenneth Burghardt appeals from judgments of the United States District Court
for the Northern District of New York sentencing him principally to 262 months' imprisonment
for distribution and receipt of child pornography, and 60 months' imprisonment for violating his
supervised release by committing those offenses, with the two sentences to run consecutively, for
a total of 322 months' imprisonment, upon his plea of guilty to the criminal charges and his
admission of thereby violating his supervised release.

At sentencing, the district court calculated Burghardt's Sentencing Guidelines range as
262 to 327 months' imprisonment on the underlying indictment, and 12 to 18 months'
imprisonment for the violation of supervised release. Because he was a registered sex offender,
however, Burghardt was subject to a mandatory minimum term of 60 months' imprisonment for
violating his supervised release. 18 U.S.C. § 3583(k). We assume the parties' familiarity with the
remaining facts, procedural history, and the issues on appeal.

2

Burghardt argues that his sentence was both procedurally and substantively unreasonable. "We review a sentence for procedural reasonableness under a deferential abuse-of-discretion standard." *United States v. Jesurum*, 819 F.3d 667, 670 (2d Cir. 2016) (internal quotation marks omitted). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *Id.* (internal quotation marks and emphasis omitted). A sentence is substantively unreasonable if it is "outside the range of permissible decisions," *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam), such that the sentence is an "outlier . . . that reflect[s] actual abuse of the district court's considerable sentencing discretion," *United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (internal quotation marks omitted). "The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

## I. Procedural Reasonableness

Burghardt contends that his sentence was procedurally unreasonable because the district court imposed consecutive terms of imprisonment for the violation of supervised release and the underlying criminal conduct based on the mistaken belief that doing so was mandatory. Burghardt is correct that the consecutive terms of imprisonment were not mandated by statute. We find no procedural error, however, in the district court's imposition of consecutive terms. During the sentencing proceedings, both parties advised the district judge that he had discretion to impose the sentence concurrently. Moreover, in deciding not to do so, the judge stated that he

3

"would be remiss as a judge if [he] made it all concurrent," J.A. 168, thus clearly implying that he understood that he had the power to do so. Although the district judge also stated that, in imposing consecutive terms, he was "following the statute and the spirit of that statute," *id.* at 169, there is no indication that he believed the statute *mandated* the imposition of consecutive sentences. Therefore, the district court did not impose consecutive terms of imprisonment as a result of legal error, and we reject Burghardt's challenge to his sentence as procedurally unreasonable.

## II.  Substantive Unreasonableness

Burghardt also argues that his total sentence of 322 months in prison was substantively unreasonable. On the present record, we lack sufficient information to assess that argument because it is not clear that the district court considered whether a non-Guidelines sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We have noted the "serious flaws" in the child pornography enhancements in U.S.S.G. § 2G2.2, describing those provisions as "fundamentally different from most" Guidelines, since the enhancements, "unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 183, 184 (2d Cir. 2010); *see United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017). Similarly, in the context of the monetary loss table, we recently explained that, where the Sentencing Commission "has assigned a rather low base offense level to a crime and then increased it significantly by a loss enhancement, that combination of circumstances entitles a sentencing judge to consider a non-Guidelines sentence." *United States v. Algahaim*, 842 F.3d 796, 800 (2d Cir. 2016).

Burghardt's extremely high Guidelines calculation, and the requirement of a mandatory 60-month sentence on his supervised release count, resulted from the confluence of several statutory and guideline sentencing rules that, as discussed in *Dorvee*, piled up a number of enhancements to the offense level, and then accounted at least three times for the fact that he committed his offense while on supervised release after release from an 87-month sentence for an earlier child pornography offense. First, Burghardt was subject to the typical cascade of Guidelines enhancements that apply to child pornography offenders, *see* U.S.S.G. § 2G2.2, substantially increasing his offense level from 22 to 37.[1] Next, his criminal history score increased by three points for his prior conviction, *see* U.S.S.G. § 4A1.1(a), raising his criminal history category from I to II, and two more points because he committed the instant offense while on supervised release, s*ee id*. § 4A1.1(d), further raising his criminal history category to III. These escalations of his offense level and criminal history score increased the Guidelines range for his criminal conviction from 41-51 months (offense level of 22, criminal history category of I),[2] to 262-327 months (offense level of 37, criminal history category of III). Moreover, as a recidivist sex offender, Burghardt was subject under § 3583(k) to a mandatory 60-month sentence for his supervised release violation, rather than the 12-18 month range for the supervised release violation that would otherwise apply. Finally, the supervised release Guidelines generally recommend that district courts impose sentences for supervised release

---

[1] The offense level would have been 40 but for the three-point reduction that Burghardt received for timely acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)-(b). The maximum possible offense level under the Guidelines is 43, for which the recommended sentence is life in prison irrespective of a person's criminal history category.

[2] Burghardt was subject to a mandatory minimum sentence of 180 months' imprisonment, however, because he is a recidivist. *See* 18 U.S.C. § 2252A(b)(1).

consecutively to any other term of imprisonment, although those Guidelines do not mention the mandatory 60-month term that applied to Burghardt. *See* U.S.S.G. § 7B1.3(f). In sum, the fact that Burghardt committed a child pornography offense, subject to its own severe enhancements, while on supervised release from an earlier offense of the same kind raised the bottom of his recommended guideline range dramatically. The district court did not discuss whether those overlapping enhancements accurately reflect the proper balancing of the § 3553(a) factors in Burghardt's case, and we remand to give the district court an opportunity to consider whether the cumulative effect of those enhancements, "in relation to the . . . base offense level, should result in a non-Guidelines sentence." *Algahaim*, 842 F.3d at 800.

We do not rule that the sentence was substantively unreasonable in this case, nor do we suggest that these guideline enhancements in themselves are excessive or irrational. Their cumulative impact, however, is enough to give us pause, absent a clearer account of the reasons for the consecutive sentence that the district court imposed as well as an indication that the court considered the impact of the enhancements. Although the district court provided some reasons why a severe punishment was necessary in Burghardt's case—and we do not question the legitimacy of those reasons—we think it appropriate to give the court an opportunity to consider whether the "cumulative effect of overlapping enhancements," *Algahaim*, 842 F.3d at 800, rendered a non-Guidelines sentence "sufficient, but not greater than necessary," to serve the purposes of punishment, 18 U.S.C. § 3553(a). *See United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015) (the requirements of § 3553(a) apply to sentence for violations of supervised release).

6

Accordingly, we **REMAND** the matter to the district court for further consideration as outlined in this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK