18-572-cr (L)
*United States v. Burghardt*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

Present:    ROBERT A. KATZMANN,
                      *Chief Judge*,
            PETER W. HALL,
            GERARD E. LYNCH,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

                      v.                                         Nos. 18-572-cr, 18-626-cr

KENNETH BURGHARDT,

                      *Defendant-Appellant*.

_____

For Defendant-Appellant:          Lisa A. Peebles, Federal Public Defender, Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

For Appellee:                     Lisa M. Fletcher, Michael D. Gadarian, Assistant United States Attorneys, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kenneth Burghardt appeals from an order of the United States District Court for the Northern District of New York (Mordue, *J.*) entered February 14, 2018 that, on remand from this Court, adhered to judgments of conviction entered March 28, 2016 and March 30, 2016, imposing consecutive sentences of 262 months' imprisonment for charges of distribution and receipt of child pornography and 60 months' imprisonment for the violation of supervised release stemming from the same underlying conduct. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On October 10, 2008, Burghardt pled guilty to one count of attempting to receive material containing child pornography. On February 17, 2009, the district court sentenced him to 87 months' imprisonment and lifetime supervised release. On February 25, 2015, less than a year after his release from custody, the probation office filed a petition alleging that Burghardt had violated conditions of his supervised release, including by distributing and receiving child pornography. A federal grand jury in the Northern District of New York then indicted Burghardt on five counts each of distributing and receiving child pornography. Burghardt pled guilty to all ten counts. On March 21, 2016, the district court sentenced Burghardt on these new criminal offenses to 262 months' imprisonment, the minimum in the Guidelines range, and lifetime supervised release. That same day, Burghardt pled guilty to the violation of supervised release in the petition that alleged the commission of new criminal conduct. The district court sentenced Burghardt to 60 months' imprisonment for that violation—the statutory mandatory minimum,

*see* 18 U.S.C. § 3583(k)—to run consecutively with his sentence for the new criminal charges. Burghardt timely appealed both sentences, arguing that they were procedurally and substantively unreasonable.

On July 11, 2017, this Court concluded that the sentences were procedurally reasonable but declined to reach whether the sentences were substantively reasonable, instead remanding for the district court to enhance the record as to its consideration of the cumulative effect of the overlapping Guidelines enhancements applicable to Burghardt's criminal offenses and its reason for imposing consecutive sentences for the new criminal charges and the violation of supervised release. *United States v. Burghardt*, 702 F. App'x 4, 7 (2d Cir. 2017) (summary order). Thereafter, the district court issued a written opinion addressing this Court's concerns and finding "no basis on remand to resentence" Burghardt. App. 239. The district court clarified that it was "aware" of the "interplay and effect of the various enhancements under the Guidelines and the Court's authority to issue a non-Guidelines sentence." *Id.* at 235. The district court re-stated its reasons for finding the sentences reasonable under 18 U.S.C. § 3553(a), including that Burghardt had a "high risk of recidivism" and posed a "danger to the community," which made 262 months' imprisonment appropriate. *Id.* at 236. The district court also emphasized, with respect to the sentence on Burghardt's violation of supervised release, that "there must be consequences for Defendant's flagrant breach of trust with his probation officer and the terms of his release." *Id.* at 238. Burghardt timely appealed.

In this second appeal, Burghardt argues again that his combined sentence was substantively unreasonable. "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision 'cannot be located within the range of permissible decisions' or is based on a legal error or clearly erroneous factual finding." *United*

*States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007) (quoting *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007)). "Substantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)." *Id.* A sentence is substantively unreasonable if it is "outside the range of permissible decisions," so that "'affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *United States v. Park*, 758 F.3d 193, 200 (2d Cir. 2014) (per curiam) (quoting *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013)). "The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

Burghardt argues that his combined sentence was substantively unreasonable because (i) the mandatory minimum term of fifteen years for the new offense conduct would have been sufficient to address the district court's concerns and (ii) the consecutive term of five years' imprisonment for the supervised release violation, which addressed the same behavior underlying his new offense conduct, was excessive and arbitrary. Because substantive reasonableness review is not intended to substitute this Court's evaluation of the § 3553(a) factors for the district court's, *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), we cannot find that the sentences fell "outside the range of permissible decisions." *Park*, 758 F.3d at 200.

Although we do not presume that within-Guidelines sentences are reasonable when we review them substantively, *see United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010), we note that Burghardt's sentences were within-Guidelines sentences. The sentence on Burghardt's new criminal charges was at the bottom of the Guidelines range, the sentence on his violation of

4

supervised release was the statutory minimum, and the Guidelines recommend that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release," U.S.S.G. § 7B1.3(f). Moreover, the district court did not mechanically impose the sentences. Rather, the district court properly conducted an independent review of the § 3553(a) factors, noting, among other things, that Burghardt committed the instant offense after less than eight months on supervised release, rejected the importance of treatment while attending court-mandated sex offender treatment, traded material with more than 100 individuals on the internet during a one-month period, and discussed sexually abusing his girlfriend's ten year-old daughter in online conversations. The district court also explained that Burghardt's "flagrant breach of trust with his probation officer and the terms of his release," App. 238—which included lying to his probation officer during a home visit—warranted separate punishment.

We have considered all of Burghardt's remaining contentions and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

CATHERINE O'HAGAN WOLFE, CLERK

5